## RICHARDSON vs. WHITE.

It is not necessary that the original judgment of the plaintiff in a judicial garnish
ment should be recited in the allegations

Where the garnishee declines to respond to the plaintiff's interrogatories, or answers
evasively, the plaintiff may except to the sufficiency of the answer; and if the ex-
ceptions are sustained, and the garnishee being ordered to answer more fully, re-
fuses to do so, judgment may be rendered against him as by default.

An objection to the writ for want of a seal, after appearance and answer, comes too
late.

*Appeal from the Circuit Court of Franklin county.*

The Hon. FELIX J. BATSON, Circuit Judge.

WALKER & GREEN for appellant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was a judicial garnishment determined in the Franklin
Circuit Court.

At the return term, the plaintiff, Wm. M. White, filed allega-
tions and interrogatories; to which the defendant, Edmond M.
Richardson, filed an answer. The plaintiff excepted to the
sufficiency of the answer; the Court sustained the exceptions,
and ordered the defendant to answer the interrogatories fully,
which he declined to do, but rested on the answer, which he
had made. Thereupon the plaintiff produced the judgment
recited in the writ, and the Court rendered judgment against
the garnishee for the amount thereof as upon default or failure
to answer; and he excepted and appealed.

It is not insisted, in the argument here, that the responses of
the appellant to the interrogatories propounded by the appel-
lee, were sufficient. Portions of the interrogatories were not
answered at all, and others, evasively.

But it is insisted that the allegations were not sufficient to warrant the judgment by default, because they did not recite the judgment against the original debtor.

The judgment was fully recited in the writ of garnishment, as required by the statute. *Dig.*, ch. 78, sec. 1, p. 559.

The 3*d section* declares that the plaintiff shall prepare and file all the allegations and interrogatories *upon which* he may be *desirous* of *obtaining* the *answer* of the *garnishee, touching* the *goods and chattels, moneys, credits* and *effects* of the judgment debtor, and the value thereof, *in his hands* and *possession* at the *time* of the *service* of the *writ*, etc.

The statute does not require the judgment to be recited in the allegations.

It is next insisted that the appellee had no right to except to the sufficiency of the answer of the appellant, but that if he deemed it untrue or *insufficient*, he should have denied it, etc. This would be a narrow construction of the 5th section of the statute. If the plaintiff put a question to the garnishee, and in his answer, he declines to respond to the question, or responds evasively; and the plaintiff then merely interposes a denial of the answer, this would produce no issue to be tried between them.

Clearly, in such case, the plaintiff may except to the sufficiency of the answer, and if the Court sustain the exceptions, and order the garnishee to answer more fully, as in this case, and he refuses to do so, he is as much in default as if he had not answered at all, and judgment may be rendered against him accordingly. See *Tunstall vs. Means*, 5 *Ark*. 702.

The only remaining point made by the appellant's counsel, is that the writ of garnishment wants the seal of the clerk.

This objection comes too late after the appellant appeared in the suit in the Court below, and filed a response to the allegations.

The judgment is affirmed.

Absent, Mr. Justice HANLY.